# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRICIA SMALLS, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-6312 (SRC) |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| RIVIERA TOWERS CORPORATION, | : | |
| ET AL., | : | |
| | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on Plaintiff Pro Se Patricia Smalls's motion for

reconsideration (Docket Entry 41) of the Court's June 10, 2013, Opinion & Order (Docket Entry

40) striking Plaintiff's Second and Third Amended Complaints as improperly filed.  Opposition

to the motion has been filed by Defendants Wentworth Property Management ("Wentworth")

(Docket Entry 44), Signature Property Group, Inc., (Docket Entry 45) ("Signature") and Riviera

Towers Corp. (Docket Entry 46), and Plaintiff has filed a brief in further support of the motion

(Docket Entry 47).

Plaintiff originally filed this suit on October 5, 2012.  (Docket Entry 1)  She then filed an

Amended Complaint on November 2, 2012.  (Docket Entry 3)  Signature and Wentworth moved

to dismiss the claims against them (Docket Entries 19 and 21 respectively).  While the motions to

dismiss were still pending, Plaintiff filed a Second Amended Complaint, adding a number of new

parties (Docket Entry 33), to which Wentworth and Signature objected (Docket Entries 34 and 35

1

respectively).  Plaintiff then filed a Third Amended Complaint, adding even more Defendants.

(Docket Entry 39)  This Court held that the Second and Third Amended Complaints were

improperly filed, because Plaintiff had failed to comply with Federal Rule of Civil Procedure 15,

which allows parties to amend their pleadings once as a matter of right, but thereafter requires a

party seeking amendment to obtain the consent of their adversaries or leave of court.  See Fed. R.

Civ. P. 15(a)(2).

Plaintiff now moves for reconsideration of that ruling on the grounds that it is

inconsistent with the Pretrial Scheduling Order ("Scheduling Order") issued by Magistrate Judge

Waldor on May 3, 2013 (Docket Entry 28).  In relevant part, the Scheduling Order states that any

motion to amend the pleadings or add new parties must be returnable no later than August 30,

2013.  Plaintiff interprets the Scheduling Order to allow her Second and Third Amended

Complaints, since they were both filed before August 30.  But Plaintiff misunderstands the

Scheduling Order.  By its terms, the Order applies to *motions*.  Plaintiff has not filed a motion for

leave to file an Amended Complaint, which is precisely why this Court struck Plaintiff's Second

and Third Amended Complaints as improperly filed.

Rule 15 states that "[a] party may amend its pleading once as a matter of course," and

"[i]n all other cases . . . may amend its pleading only with the opposing party's written consent or

the court's leave."  Plaintiff failed to obtain Defendants' consent and further failed to make a

motion seeking leave to amend.  Should Plaintiff wish to further amend the Complaint, she must

either obtain the consent of the Defendants or make a motion before this Court.  If Plaintiff

moves for leave to amend, under the Scheduling Order, that motion must be returnable before

August 30, 2013.  The Court notes that the last motion day before the August 30, 2013, deadline

is August 19, 2013. Under this Court's calendar, a motion made returnable on August 19, 2013,

must be filed no later than July 26, 2013. Therefore, should Plaintiff wish to make a motion

seeking leave of this Court to further Amend the Compliant, she must file her motion on or

before July 26, 2013.

For these reasons,

**IT IS** on this 11th day of July, 2013,

**ORDERED** that the Plaintiff's motion for reconsideration (Docket Entry 41) of this

Court's June 10, 2013, Opinion and Order (Docket Entry 40) striking Plaintiff's Second and

Third Amended Complaints shall be and hereby is **DENIED**.

   s/ Stanley R. Chesler    
Stanley R. Chesler, U.S.D.J.
