UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA SMALLS, | : |
| Plaintiff, | : Civil Action No. 12-6312 (SRC) |
| v. | : **OPINION & ORDER** |
| RIVIERA TOWERS CORPORATION, ET AL., | : |
| Defendants. | : |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motions to dismiss the Complaint by Defendants Wentworth Property Management ("Wentworth") (Docket Entry 21) and Signature Property Group, Inc. ("Signature") (collectively "Moving Defendants"). Plaintiff Pro Se Patricia Smalls ("Plaintiff") has opposed the motions. (Docket Entries 29 and 30). For the reasons stated below, the Court will grant the Defendants' motions to dismiss the Amended Complaint.

**I.   THE FACTS**

Plaintiff, a former shareholder and tenant of Riviera Towers, a 427-unit co-op located in West New York, New Jersey, has brought suit against a total of 12 defendants for their roles in evicting her on August 1, 2012. Plaintiff, who is an African-American woman, had been a shareholder/owner of Riviera Towers since September 1998. In 2010, Plaintiff apparently fell behind on some portion of her monthly maintenance costs. In or about January 2011, the RTC Board brought suit in New Jersey Superior Court to recover the past-due maintenance fees.

1

Plaintiff alleges that the Riviera Towers Corporation ("RTC") failed to provide her with monthly maintenance statements from December 2009 to November 2011.  Plaintiff failed to timely answer the complaint and was marked in default, though Plaintiff asserts that she was never properly served.  Plaintiff appeared before the Superior Court to object to an entry of default judgment, and the Court entered a judgment of $8,133.50 in favor of RTC.  On July 23, 2012, RTC advised Plaintiff that she would be evicted on August 1, 2012, if she did not satisfy the judgment.  Plaintiff failed to pay, and RTC followed through on its eviction warning by changing the locks on the apartment and barring Plaintiff from entering the building.  Plaintiff alleges that she was singled out because of her race and gender, and that the RTC Board did not evict its other shareholders who were behind in their maintenance payments.

Plaintiff asserts the following causes of action: (1) violation of 18 U.S.C. § 241 ("Conspiracy Against Rights"); (2) violation of 18 U.S.C. § 242 (" Deprivation of Rights"); (3) violation of 42 U.S.C. § 3601 ("Fair Housing Act and Criminal Interference with Right to Fair Housing"); (4) violation of 15 U.S.C. § 689 ("Unlawful Acts and Omissions"); (5) violation of 18 U.S.C. § 876 ("Mailing Threatening Communications"); (6) breach of fiduciary duty; (7) breach of the duty of loyalty; (8) lack of good faith; (9) breach of the duty of care; (10) unequal treatment of shareholders; (11) intentional infliction of emotional distress; (12) race discrimination; (13) sex discrimination; and (14) age discrimination.  Wentworth and Signature have moved to dismiss all claims against them.

II.   DISCUSSION

    A.   **Standard of Review**

In resolving a Rule 12(b)(6) motion, the question before the Court is not whether the

movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Detailed factual allegations are not necessary to survive a Rule 12(b)(6) motion, but a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels[,] . . . conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555.  Instead, the plaintiff must provide enough factual allegations "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." Id.

The Third Circuit has stated that Iqbal and Twombly require district courts to engage in a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  First, a court must separate the factual allegations from the legal elements in the complaint. Id. at 210.  All well-pled facts must be accepted as true, but the Court may disregard any legal conclusions. Id.; Iqbal, 556 U.S. at 678 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement") (internal quotations marks and alterations omitted). Second, a court must determine whether the pleader articulates "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  As the Supreme Court instructed in Iqbal, "[a] claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  Although this is not a "probability requirement," to make a showing of entitlement to relief, the well-pled facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere

3

possibility of misconduct." Id. at 678-79 (citations and internal quotation marks omitted). Finally, in a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

    **B.    Analysis**

The Court recognizes that Plaintiff is proceeding *pro se* and thus construes the Amended Complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Even a liberally construed complaint, however, must give notice of the claim and the grounds upon which it rests. Here, Plaintiff has failed entirely to state which of the 14 causes of action she asserts against which of the 12 named defendants. Given the facts that have been alleged and the particular claims that have been asserted, the Court is unwilling to merely assume that Plaintiff intends to assert every cause of action against each of the Moving Defendants.

In general, a Complaint must indicate which claims are being asserted against which defendants. See In re Sagent Tech., Inc., 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."). Without knowing exactly what wrongful conduct they are alleged to have engaged in, the individuals Defendants have not been given fair notice of the allegations against them. See Twombly, 550 U.S. at 555 (stating that Rule 8(a)(2) requires a complaint to "give the defendant fair notice of what the claim is and the grounds upon which it rests") (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Plaintiff makes only one allegation expressly implicating Wentworth in any wrongdoing.

According to Plaintiff, Wentworth employee and RTC building manager Anthony Iacono "witnessed" and "authorized" the unlawful repossession of Plaintiff's apartment on August 1, 2012. This allegation, without more, is insufficient to withstand a motion to dismiss, because a single conclusory allegation fails to provide Wentworth with fair notice of the claims against it. See id. Therefore, all claims against Wentworth must be dismissed.

The Amended Complaint is similarly unspecific about what, if any, unlawful conduct Signature engaged in. Plaintiff alleges that she did not receive monthly maintenance statements from RTC after several complaints to Signature and its onsite building manager, Daniel Oritz. Plaintiff also alleges that Ortiz had no "legal standing" and was therefore improperly involved in RTC's suit to recover Plaintiff's outstanding maintenance fees. In short, the Amended Complaint does not allege facts showing that Signature engaged in any conduct that plausibly entitles Plaintiff to relief. Moreover, what few facts the Complaint does contain are wholly unconnected with the asserted legal claims. The Court is thus left to guess which factual assertions are intended to support which legal claims. See Northwestern Nat'l Ins. Co. v. Baltes, 15 F.3d 660, 662 (7th Cir. 1994).

In sum, the Amended Complaint has not set forth "enough facts to state a claim to relief that is plausible on its face" as against Signature and Wentworth. See Twombly, 550 U.S. at 570. The Court will therefore dismiss the claims against the Moving Defendants without prejudice. Should Plaintiff wish to proceed with claims against Wentworth and Signature, Plaintiff shall seek leave of Court to file a Second Amended Complaint clearly identifying which claims are being asserted against which defendants and setting forth specific factual allegations that support a plausible entitlement to relief as to each asserted claim.

For these reasons,

**IT IS** on this 9th day of August, 2013,

**ORDERED** that Signature's motion to dismiss all claims against it (Docket Entry 19) be and hereby is **GRANTED**; and it is further

**ORDERED** that all claims against Signature are hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Wentworth's motion to dismiss all claims against it (Docket Entry 21) be and hereby is **GRANTED**; and it is further

**ORDERED** that all claims against Wentworth are hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that in the event Plaintiff wishes to proceed against Wentworth and/or Signature, Plaintiff shall seek leave of Court to file a Second Amended Complaint that is consistent with this Opinion & Order within 35 days (i.e., no later than September 13, 2013).

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.