NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| PATRICIA SMALLS, | : | |
| | : | |
| | : | **Civil Action No. 12-6312 (SRC)** |
| Plaintiff, | : | |
| v. | : | |
| | : | **OPINION & ORDER** |
| RIVIERA TOWERS CORPORATION, et | : | |
| al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CHESLER**, District Judge

This matter is before the Court upon three motions. Plaintiff *pro se* Patricia Smalls

("Plaintiff") has filed a "formal application," in response to this Court's August 9, 2013 Opinion

& Order [Docket Entry 50], that requests two forms of relief: (1) to have the undersigned

removed from this case; and (2) to have the Court's August 9, 2013 Opinion & Order "stricken

off the record," a request that the Court will construe as a motion for reconsideration brought

pursuant to Local Civil Rule 7.1(i). [Docket Entry 52.] The third motion before the Court is a

motion for judgment on the pleadings filed by Defendants Riviera Towers Corporation ("RTC"),

Kenneth Blane, Robert Weible, Aruna Narayanan, John Negria, Hemant Amin, Richard Gillen,

Jennifer Shashaty, Michael Moran, and Angela Alvarez (collectively, the "RTC Defendants"),

pursuant to Federal Rule of Civil Procedure 12(c). [Docket Entry 54.] Plaintiff has opposed the

RTC Defendants' motion. [Docket Entry 60.] For the foregoing reasons, Plaintiff's motions for

recusal and reconsideration are denied, and the RTC Defendants' motion for judgment on the

pleadings is granted.

## I.    Background

This lawsuit arises from Plaintiff's eviction from her apartment in Riviera Towers, a co-op located in West New York, New Jersey, and attendant legal action in the Superior Court of New Jersey.  Plaintiff is an African-American woman and a former shareholder/owner of an apartment in Riviera Towers who claims she was unlawfully evicted from her apartment because of her race and gender.  According to the Amended Complaint, in early 2011 the "RTC Board" filed suit against Plaintiff in the Superior Court of New Jersey to recover allegedly late maintenance fees.  (Am. Compl. at ¶ 3.)  Plaintiff alleges that she was never served a copy of RTC's state court complaint.  RTC moved for default judgment in August of 2011.  Though Plaintiff alleges that she was "in front of" the court in November 2011 to contest the default judgment, the December 7, 2011 "Order Entering Final Judgment By Default" annexed to the Amended Complaint states that Plaintiff failed to show up for oral argument.  (See id., Ex. A, at 4.)  This default judgment, in the amount of $10,056.15, was revised downward to $8,133.50 in June 2012.

Plaintiff moved to "dismiss the [state court] complaint" in July 2012.  (Id. at ¶ 12.)  While that motion was pending, the RTC Board contacted Plaintiff and "threaten[ed]" to evict her from her apartment if she did not satisfy the $8,133.50 default judgment by August 1, 2012.  (See id. at ¶ 13.)  On August 1, 2012 Plaintiff was evicted from her apartment through actions that the Amended Complaint describe, without further factual support, as "burglary."  (See id. at ¶ 14.)  Plaintiff received the Order denying her motion to dismiss the state court action shortly thereafter.

Based on this eviction action, Plaintiff asserts in this Court fourteen separate causes of

action against twelve different defendants. By Opinion & Order dated August 9, 2013, the Court granted Rule 12(b)(6) motions filed by Defendants Wentworth Property Management and Signature Property Group, Inc., dismissing all fourteen claims as to both parties. The remaining Defendants, Riviera Towers Corporation and nine of its Board members, who had filed an Answer instead of moving to dismiss, now move under Rule 12(c) for judgment on the pleadings on all fourteen claims.

Moreover, in response to the Court's August 9, 2013 Opinion & Order, Plaintiff has filed a letter application addressed to Chief Judge Simandle requesting that the undersigned be removed from this case and two related cases currently pending before this Court. Plaintiff's letter application states that the undersigned "lied about key facts" in the Opinion & Order and implies that the Opinion & Order is a vehicle by which the undersigned is "conspir[ing]" with Defendants to violate Plaintiff's rights. [Docket Entry 52.] Plaintiff also asks the Chief Judge to have the August 9, 2012 Opinion & Order "stricken off the record." The Court therefore understands Plaintiff's letter application to request two forms of relief: (1) that the undersigned recuse himself from this action pursuant to 28 U.S.C. §§ 144 and 455 because of bias or partiality towards the Defendants; and (2) that this Court reconsider its August 9, 2013 Opinion & Order pursuant to Local Civil Rule 7.1(i). The instant Opinion & Order will first address these two requests before turning to the RTC Defendants' motion.

## II.  Discussion

### A.  Plaintiff's Request for Recusal and Motion for Reconsideration

Initially, the Court notes that while Plaintiff's request for recusal is addressed to Chief Judge Simandle, "[d]iscretion is confided in the district judge in the first instance to disqualify

himself because the judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion . . . ." United States v. Ciavarella, 716 F.3d 705, 720 (3d Cir. 2013) (quoting In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003)). It is therefore the responsibility of the undersigned to determine Plaintiff's recusal request.

As for the substance of the recusal application, Plaintiff has failed to raise any colorable grounds to trigger this Court's duty to recuse itself pursuant to the provisions of 28 U.S.C. §§ 144 and 455. It is well established that "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion' because they almost never arise from an extrajudicial source.'" United States v. Bertoli, 400 F.3d 1384, 1412 (3d Cir. 1994) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Plaintiff's recusal request does nothing more than challenge the propriety, albeit in vehement language, of the August 9, 2013 Opinion & Order, and therefore raises no sufficient grounds for recusal. Were unhappiness with the Court's decisions an adequate basis for the Court to recuse itself, every unhappy litigant would be entitled to similar relief.

Insofar as Plaintiff's request to have that Opinion & Order "stricken from the record" can be characterized as a motion for reconsideration, the motion will be denied for substantially similar reasons. Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy." Chiniewicz v. Henderson, 202 F. Supp. 2d 332, 334 (D.N.J. 2002). Accordingly, a motion for reconsideration must show one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v.

Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  Plaintiff's letter application presents none of these bases for reconsideration, and essentially reargues the merits of the motions to dismiss that underlie the Opinion & Order.  Because "a motion for reconsideration is not a vehicle to reargue" a motion, see Chiniewicz, 202 F. Supp. 2d at 334, Plaintiff's letter application is denied.

### B.     The RTC Defendants' Motion for Judgment on the Pleadings

The Court next considers the RTC Defendant's motion for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial."  A motion brought pursuant to Rule 12(c) that raises the defense that plaintiff fails to state a claim upon which relief can be granted is analyzed under the same standard applicable to a Rule 12(b)(6) motion.  Caprio v. Healthcare Revenue Recovery Group, LLC, 709 F.3d 142, 146-47 (3d Cir. 2013).

A complaint will survive a motion under Rule 12(b)(6) – and thus Rule 12(c) – only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  Following Iqbal and Twombly, the Third Circuit has held that to prevent dismissal of a claim, the complaint must show, through the facts alleged, that the plaintiff is entitled to relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).  While the Court must construe the complaint in the light most favorable to

the plaintiff, it need not accept a "legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678.

The Court notes that Plaintiff is proceeding *pro se*, and as such her Amended Complaint is "to liberally construed . . . [and] held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). But *pro se* plaintiffs must still "allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). Here, Plaintiff's Amended Complaint consists of conclusory and generalized allegations against the RTC Defendants; nowhere does Plaintiff allege specific facts against either the RTC Board as an entity or against any of the named individual Board members. Indeed, the only time the Amended Complaint references the nine individual Board members is in the document's caption. (See Am. Compl. at 1.) The closest the Amended Complaint comes to pleading improper activity by the RTC Defendants is in Paragraph Fourteen, which alleges, among other things, that the "RTC Board voted to violate my rights and the proprietary lease" and that the RTC Board sent Plaintiff a letter "threatening" eviction if Plaintiff did not pay a "usury legal fee." These statements, however, are the quintessential "legal conclusion[s] couched as factual allegation[s]," see Baraka, 481 F.3d at 195, and cannot without more support a plausible claim for relief. See Iqbal, 556 U.S. at 678 (noting the insufficiency of a complaint that offers only "naked assertions devoid of further factual enhancement").

Dismissal is also warranted because the Amended Complaint fails to state which of its fourteen causes of action pertains to which of the twelve defendants Plaintiff has named. As this Court has stated previously in this case, "[w]ithout knowing exactly what wrongful conduct they are alleged to have engaged in, the individual Defendants have not been given fair notice of the allegations against them." (See August 9, 2013 Opinion & Order [Docket Entry 50], slip op. at 4 (citing Twombly, 550 U.S. at 555)) This principle, a consequence of the notice pleading regime contemplated by Fed. R. Civ. P. 8(a)(2), would apply with equal force even if the Court were bound by Conley v. Gibson, 335 U.S. 41 (1957), as Plaintiff's brief argues. (Opp. Br. at 3.) But the Conley "no set of facts" pleading standard "has earned its retirement," see Twombly, 550 U.S. at 563, and the principle that a complaint must provide notice to each defendant of what wrong he allegedly committed applies with equal or greater force under more strict contemporary pleading standards. Simply put, a proper complaint must demonstrate to the Court that a named defendant can read it and be on notice of the law that that defendant has allegedly violated. As currently constructed, the Amended Complaint fails this basic task.

The Amended Complaint is therefore dismissed as to the RTC Defendants. This dismissal will be without prejudice, as the Court cannot currently conclude that leave to amend "would be inequitable or futile." See Grayson v. Mayview State. Hosp., 293 F.3d 103, 108 (3d Cir. 2002). If Plaintiff wishes to proceed against the RTC Defendants Plaintiff shall, within thirty days of this Opinion & Order, seek leave of the Court to file a Second Amended Complaint. The Second Amended Complaint shall set forth specific factual allegations, not mere legal conclusions, and shall identify to the Court which specific legal claims are asserted against which specific Defendant.

Accordingly,

**IT IS** on this 19th day of November, 2013,

**ORDERED** that the Application/Petition for recusal filed by Plaintiff Patricia Smalls [Docket Entry 52] be and hereby is **DENIED**; and it is further

**ORDERED** that the motion for reconsideration filed by Plaintiff Patricia Smalls [Docket Entry 52] be and hereby is **DENIED**; and it is further

**ORDERED** that the motion for judgment on the pleadings filed by the RTC Defendants, pursuant to Federal Rule of Civil Procedure 12(c) [Docket Entry 54], be and hereby is **GRANTED**; and it is further

**ORDRERED** that the Amended Complaint be and hereby is **DISMISSED WITHOUT PREJUDICE** as to the RTC Defendants; and it is further

**ORDERED** that if Plaintiff wishes to proceed against the RTC Defendants, Plaintiff shall, within thirty (30) days of receipt of this Opinion & Order, seek leave of the Court to further amend the Complaint.


                                                       ___ s/ Stanley R. Chesler ___
                                                       STANLEY R. CHESLER
                                                       United States District Judge